**JOSE CARLOS BERNAL GUZMAN**
P.O. Box 960802
El Paso TX. 79996



SEP 09 2024
CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

**JOSE CARLOS GUZMAN BERNAL,**
**Plaintiffs,**

vs.

**UNITED STATES OF AMERICA,**
**Department of justice (DOJ) et al.**
**Respondent.**

Civ No. 3:24-cv-00200-SLG

## Emergency Civil Brief under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3)

===============================================================

1. Jose Carlos Guzman Bernal: Drug trafficking charges in the District of Alaska (Case No. 3:14-cr-00093-SLG-MMS).

Jose Carlos Guzman Bernal ("Plaintiff"), acting pro se, respectfully move for declaratory, injunctive, or prospective relief against the United States and the District of Alaska Court. Courts misclassification steam from Plaintiff arrest in Mexico and ongoing detention under Mexican jurisdiction in relation to U.S. charges. Such a determination by the district Courts is inconsistent with established legal precedents and prevailing legal standards.

By doing so, District Court will deprive Plaintiff of his constitutional rights, due process, and the ability to further challenge his case and the extradition process in Mexico.

1 | Page

This court must assess whether classifying Plaintiff as a fugitive deprives him from further challenges his case and extradition in the United States as well as in the Mexican judiciary, and that if the request was made in compliance with the plaintiff's constitutional rights, as well as in strict adherence to the due process requirements set forth in international bilateral treaties and applicable local laws in both Mexico and the United States.

Because Plaintiff may any longer be classified as a fugitive post his arrest in Mexico under U.S. orders and U.S. criminal charges he should be allowed to lodged challenges to his case from Mexico.

## I. JURISDICTION

Under 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. See 28 U.S.C. § 1391(c)(1), (2).

The District of Alaska has jurisdiction over this matter because the events occurred in this District and there is connection to this Court, venue is appropriate here.

Jurisdiction for this case is grounded in:

- **28 U.S.C. § 1331**: This federal law grants federal district courts original subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

- **28 U.S.C. § 1343(3)**: This statute addresses the redress of deprivations under color of any State law, statute, ordinance, regulation, custom, or usage. It pertains to violations of rights, privileges, or immunities secured by the U.S. Constitution or any Act of Congress ensuring equal rights for citizens or all persons within U.S. jurisdiction.

## II. STATEMENT OF FACTS

The Plaintiffs was arrested in Mexico by Interpol and is now in custody at the Reclusorio Preventivo Varonil Oriente at No. 100, Col. San Lorenzo Tezconco, Del Iztapalapa, CP. 09900. Plaintiff face extradition issued by the District of Alaska District Court under criminal drug trafficking charges.

### III. Jose Carlos Guzman Bernal : Drug trafficking charges in the District of Alaska Illinois (Case No. 3:14-cr-00093-SLG-MMS).

The U.S. government sought his extradition from Mexico. All Plaintiff is facing charges of conspiracy to violate 21 U.S.C. § 846 and distributing drugs, in violation of 21 U.S.C. § 841(a)(1).

### I. CONTROLLING QUESTION OF LAW

A. **"Is the Court's designation of Plaintiff as a fugitive legally justifiable, given that active legal precedents recognize an individual as being in custody under U.S. charges regardless of their location outside U.S. territory and while challenging extradition?"**

B. **"Is the District Court and Government infringing on Plaintiff constitutional rights and extradition process by erroneously classifying him as a fugitive, given that active legal precedents recognize an individual as being in custody under U.S. charges regardless of their location outside U.S. territory?"**

C. **Does the inability of plaintiffs to challenge their cases from abroad in Mexico, thereby exposing him to potential extradition on charges lacking sufficient elements or due process violations, constitute a violation of their constitutional rights and the**

obligations set forth in the Extradition Treaty between the United States and Mexico?

D. Whether the crime of Conspiracy under 21 U.S.C. § 846 in the United States is sufficiently homologous and compatible with the crime of Asociación Delictuosa in Mexico to justify extradition, given that each crime requires different elements for conviction and results in disparate sentencing in the two countries, and whether the Rule of Lenity may be invoked in this context.

## ARGUMENT ONE

A. "Is the Court's designation of Plaintiff as a fugitive legally justifiable, given that active legal precedents recognize an individual as being in custody under U.S. charges regardless of their location outside U.S. territory and while challenging extradition?"

### 1. "Legal Implications of Reclassifying Fugitives' Status for Plaintiff in Mexican Custody Awaiting Extradition on U.S. Criminal Charges"

The plaintiffs seek declaratory, injunctive, or prospective relief, contending that the United States and District Courts incorrectly have signaled that, under the fugitive disentitlement doctrine, people abroad arrested in Mexico, in custody facing only U.S. charges are barred from pursuing relief in any federal criminal court while designated as fugitives. The plaintiff asserts that after his arrest in Mexico under exclusive U.S. Charges he may no longer be classified as fugitives and argue that, by maintaining this designation, the government and district courts are infringing upon his extradition process and constitutional rights including principles of due process. Plaintiff seek declaratory relief as outlined above, or any other form of relief deemed appropriate by the court.

The continued classification of Guzman as a fugitive constitutes a violation of his constitutional rights, particularly his right to due process, and severely impairs his ability to challenge the extradition proceedings initiated in Mexico. Such a classification subjects him to potential extradition for an offense that may have been constructed in violation of his constitutional protections and the due process guaranteed under bilateral extradition treaties and other international agreements between the United States and Mexico.

### 2. The "fugitive," disentitlement is inappropriate in Plaintiff's case.

A. **Custody and Fugitive Status:**

- Plaintiff was arrested in March 2022, and remain in custody under United States exclusive charges.
- Active legal precedent supports that an individual is considered in custody even when outside U.S. territory, provided they are detained under U.S. charges.
- The Court's classification of Plaintiff as fugitives is inconsistent with the established legal understanding of custodial status.

B. **Impact of Misclassification:**

- Classifying the Plaintiff as fugitive despite his custodial status has significant legal implications.
- It affects his rights and the legal procedures applicable to their extradition process and criminal case, potentially leading to an abuse of discretion.

E. **Custody and Fugitive Status - Case Law:**

- **U.S. v. Ghailani, 733 F.3d 29 (2d Cir. 2013)**: This case ruled that the defendant was not a fugitive because he had been detained by U.S. authorities, even though he was held outside the United States. This reinforces the principle that physical presence in the U.S. is not necessary if the individual is in custody under U.S. charges.

- **U.S. v. Thomas, 21 F.4th 691 (9th Cir. 2022)**: In this case, the court determined that Thomas, who was detained abroad under U.S. charges, was not considered a fugitive. This decision highlights the modern view that being in custody for U.S. charges negates fugitive status regardless of the location.

- **Recent DOJ Operations**: For instance, a 2023 case in the District of Utah involved Llobani Federico Figueroa, who was taken into custody after being a fugitive. The DOJ did not maintain his fugitive status after his capture, reflecting the agency's approach to custodial status over location.

F. **Violation of Constitutional Rights:**

- The erroneous classification of Plaintiff as a fugitive undermines his constitutional rights, including the right to a fair trial and due process.
- Ensuring accurate legal classification is essential to uphold these rights and prevent potential injustices.
- **Barker v. Wingo, 407 U.S. 514 (1972):** The Supreme Court in this case articulated the importance of a fair trial and due process. Any misclassification that affects these rights can be deemed a violation, which is pertinent to Guzman's situation.
- **U.S. v. DiTommaso, 817 F.2d 201 (2d Cir. 1987):** The court held that a proper legal classification is crucial to uphold a defendant's constitutional rights. Misclassifying a defendant can lead to significant legal errors and affect the fairness of the trial.

### G. The Ker-Frisbie Doctrine

- The Ker-Frisbie doctrine, established in **Ker v. Illinois**, 119 U.S. 436 (1886) and reaffirmed in **Frisbie v. Collins**, 342 U.S. 519 (1952), holds that a criminal defendant cannot defeat personal jurisdiction by asserting the illegality of their capture. However, Plaintiff contend that the doctrine should not be applied in a manner that nullifies his right to challenge the constitutionality of their extradition process.

- In **United States v. Alvarez-Machain**, 504 U.S. 655 (1992), the Court held that the Ker-Frisbie doctrine does not provide carte blanche for governmental actions that blatantly violate international extradition treaties and principles of justice. This case supports the Plaintiffs' argument that their extradition must be consistent with international treaties and procedural fairness.

- Furthermore, in **Sanchez-Llamas v. Oregon**, 548 U.S. 331 (2006), the Court highlighted that international treaty violations could form the basis for relief in U.S. courts if such violations impact the fundamental fairness of the proceedings. Plaintiff argue that his extradition under questionable circumstances violates such principles of fairness and should be subject to judicial scrutiny.

6 | Page

- **U.S. v. Bagley, 473 U.S. 667 (1985):** This case highlights the principle that due process requires accurate and fair legal proceedings. Misclassification or errors in legal status can result in an abuse of discretion, undermining the fairness of the judicial process.

    B. **"Is the District Court and Government infringing on Plaintiff constitutional rights and extradition process by erroneously classifying him as a fugitive, given that active legal precedents recognize an individual as being in custody under U.S. charges regardless of their location outside U.S. territory?"**

## I. The Fugitive Disentitlement Doctrine

Under the fugitive disentitlement doctrine, courts have discretion to dismiss a request for relief from a party who is a "fugitive while the matter is pending" (Degen v. United States, 517 U.S. 820, 824 (1996)). Although this doctrine originated as a response to appeals by convicted defendants, it can also apply when a fugitive defendant seeks to dismiss an indictment.

The key issue before this court is whether Plaintiff litigants are legally a "fugitive" such that disentitlement is appropriate. Plaintiff seek declaratory, injunctive, or prospective relief, arguing that they should no longer be classified as fugitives because they are in custody under the United States' specific orders. Plaintiff argue that, as a matter of constitutional rights, they should be allowed to challenge their criminal cases and extradition process before being extradited. Since the criminal proceedings have been lodged in the United States, challenges to these proceedings can avoid unconstitutionalities, injustices, and extradition inconsistencies or violations of sovereignty diplomacy before rendering the extradition.

In **United States v. Technodyne LLC**, 753 F.3d 368 (2d Cir. 2014), the court held that the fugitive disentitlement doctrine can apply even when the defendants are not

within the physical jurisdiction of the United States but are deliberately avoiding prosecution. However, the Plaintiff in this case is not avoiding prosecution but is instead detained under U.S. orders, contesting the fairness of his extradition.

Furthermore, in **Farrakhan v. United States**, 987 F.3d 989 (9th Cir. 2021), the court ruled that a defendant's ability to challenge procedural aspects of their case is a fundamental aspect of due process. The Plaintiff argue that denying him the opportunity to contest his extradition proceedings while in Mexican custody violates his procedural due process rights.

Additionally, in **Jiang v. Sessions**, 728 F. App'x 106 (2d Cir. 2018), the court emphasized that procedural due process requires that individuals be given a meaningful opportunity to present their case. The Plaintiff contend that his inability to challenge his extradition while in custody in Mexico denies his this fundamental right.

## II. The Ker-Frisbie Doctrine

The Ker-Frisbie doctrine, established in **Ker v. Illinois**, 119 U.S. 436 (1886) and reaffirmed in **Frisbie v. Collins**, 342 U.S. 519 (1952), holds that a criminal defendant cannot defeat personal jurisdiction by asserting the illegality of their capture. However, the Plaintiff contend that the doctrine should not be applied in a manner that nullifies his right to challenge the constitutionality of their extradition process.

In **United States v. Alvarez-Machain**, 504 U.S. 655 (1992), the Court held that the Ker-Frisbie doctrine does not provide carte blanche for governmental actions that blatantly violate international extradition treaties and principles of justice. This case supports Plaintiffs' argument that his extradition must be consistent with international treaties and procedural fairness.

Furthermore, in **Sanchez-Llamas v. Oregon**, 548 U.S. 331 (2006), the Court highlighted that international treaty violations could form the basis for relief in U.S. courts if such violations impact the fundamental fairness of the proceedings. Plaintiff argue that his extradition under questionable circumstances violates such principles of fairness and should be subject to judicial scrutiny in Mexico first, and before being extradited.

Plaintiff petition the Court to grant declaratory, injunctive, or prospective relief, contending that the extradition process and associated criminal proceedings in the United States may be subject to challenge in Mexico before being extradited. Plaintiff assert that these processes contravene his constitutional rights and deprive him of fair and equitable extradition proceedings. Plaintiff seek judicial intervention to safeguard his due process rights prior to the continuation of any extradition actions.

> **C. Does the inability of plaintiff to challenge their cases from abroad in Mexico, thereby exposing his to potential extradition on charges lacking sufficient elements or due process violations, constitute a violation of their constitutional rights and the obligations set forth in the Extradition Treaty between the United States and Mexico?**

Whether the plaintiff, who are unable to challenge their cases from abroad in Mexico, are exposed to potential extradition on charges lacking sufficient elements or due process violations, thus infringing on their constitutional rights and the Extradition Treaty between the U.S. and Mexico.

**Argument:**

1. **Violation of Due Process Rights:** The plaintiffs contend that their inability to challenge their cases from abroad constitutes a violation of their due process rights under both Mexican and international law. Due process is a fundamental legal principle ensuring fair

treatment through the normal judicial system, especially as a citizen's entitlement. In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the U.S. Supreme Court emphasized that due process is flexible and calls for such procedural protections as the particular situation demands. Additionally, in *Matthews v. Eldridge*, 424 U.S. 319 (1976), the Court established that due process requires consideration of the private interest affected, the risk of erroneous deprivation through the procedures used, and the government's interest. By not providing a mechanism for the plaintiff to defend himself while abroad, the Mexican legal system is denying him the right to a fair trial, which is enshrined in Article 14 of the Mexican Constitution and recognized internationally under various human rights treaties to which Mexico is a signatory, including the American Convention on Human Rights.

2. **Insufficient Elements in Charges:** The plaintiff argue that the charges against him lack sufficient evidentiary support. In criminal proceedings, it is imperative that the prosecution presents adequate evidence to substantiate the charges. In *In re Extradition of Howard*, 996 F.2d 1320 (1st Cir. 1993), the court held that extradition should not be granted if the requesting country fails to provide sufficient evidence to establish probable cause. This principle was reaffirmed in *Santos v. Thomas*, 830 F.3d 987 (9th Cir. 2016), where the court ruled that the evidence presented must be competent and sufficient to sustain the charge under the law of the requesting country. Without being able to contest these charges effectively, the plaintiffs are at risk of being wrongfully prosecuted and subsequently extradited. This situation violates the principle of presumption of innocence until proven guilty, as stipulated in Article 20(B) of the Mexican Constitution.

3. **Risk of Extradition Contrary to Constitutional Rights:** The Extradition Treaty between the U.S. and Mexico, signed in 1978, stipulates that extradition shall only occur if the offenses charged are recognized as crimes in both countries (dual criminality principle) and if the prosecution provides sufficient evidence to warrant a trial. In *Wright v. Henkel*, 190 U.S. 40 (1903), the U.S. Supreme Court held that extradition treaties require adherence to the principles of dual criminality and sufficient evidence. This was further elaborated in *Parretti v. United States*, 122 F.3d 758 (9th Cir. 1997), where the court stressed the necessity of probable cause and dual criminality in extradition proceedings. The plaintiffs assert that their extradition would contravene these requirements. Furthermore, Article 16 of the Mexican Constitution protects individuals

10 | Page

Case 3:24-cv-00200-SLG    Document 1    Filed 09/09/24    Page 10 of 18

against arbitrary detentions and ensures judicial oversight, which would be undermined if the plaintiff is extradited without the proper due process.

4. **International Legal Standards and Human Rights:** The Universal Declaration of Human Rights (UDHR) and the International Covenant on Civil and Political Rights (ICCPR) protect individuals from arbitrary arrest, detention, and exile (Article 9 of the UDHR and Article 9 of the ICCPR). The plaintiffs' situation potentially places him in jeopardy of these human rights violations. In *Soering v. United Kingdom*, 11 EHRR 439 (1989), the European Court of Human Rights ruled that extradition can be blocked if it leads to a real risk of inhuman or degrading treatment. More recently, in *Al-Saadoon & Ors v. Secretary of State for Defence*, [2016] EWHC 773 (Admin), the court reaffirmed that extradition must consider potential human rights violations in the requesting country. Mexico, as a member of the United Nations and a signatory to these treaties, is obligated to uphold these international standards.

5. **Impact on Bilateral Relations and Treaty Obligations:** Ignoring the plaintiffs' ability to challenge his cases effectively from abroad and proceeding with extradition could strain the diplomatic relations between the U.S. and Mexico. Both countries have committed to respecting legal processes and human rights under the Extradition Treaty and broader international frameworks. Upholding these commitments is essential for maintaining mutual trust and cooperation in legal and extradition matters.

**Conclusion:** The plaintiffs' inability to challenge his case from abroad in Mexico poses significant risks of due process violations and wrongful extradition. This situation infringes upon their constitutional rights and contravenes the principles and obligations set forth in the Extradition Treaty between the U.S. and Mexico. Therefore, it is imperative that mechanisms be established to allow the plaintiffs to contest the charges effectively while abroad to ensure his rights are protected and that any potential extradition adheres to both domestic and international legal standards.

D. **Whether the crime of Conspiracy under 21 U.S.C. § 846 in the United States is sufficiently homologous and compatible with the crime of Asociación Delictuosa in Mexico to justify extradition, given that each crime requires different elements for conviction and results in disparate sentencing in the**

> two countries, and whether the Rule of Lenity may be invoked in this context.

The extradition of Plaintiff to the United States, where he faces a life sentence for drug-related offenses, constitutes a direct breach of the U.S.-Mexico Extradition Treaty. This breach undermines the treaty's legal framework, designed to ensure fair and proportional judicial treatment, and has significant implications for international legal relations between the two countries.

**Factual Background**

1. Plaintiff face a potential life sentence in the United States post extradition for his alleged involvement in drug-related offenses, under the United States Sentencing Guidelines and statutory provisions, particularly targeting large-scale drug trafficking operations.

2. Under Mexican law, specifically the Federal Penal Code (Article 2 of the Federal Law Against Arganized Crime), participation in criminal associations, including large-scale drug trafficking, carries a maximum penalty of ten years imprisonment, with additional fines. Even in aggravated circumstances, penalties involve only an increase by half of the original sentence and certain disqualifications from public service roles.

3. This significant disparity between U.S. and Mexican sentencing norms creates a conflict with international human rights standards, which prohibit excessive or inhumane punishment and emphasize proportionality and rehabilitation over retribution.

4. The U.S.-Mexico Extradition Treaty is predicated on the assumption that penalties for similar offenses will be somewhat aligned, respecting the fundamental legal principles of both nations.

**Legal Background**

**I. International Law Considerations**

1. **International Treaties and Human Rights Obligations**
    - The U.S. is a party to the International Covenant on Civil and Political Rights (ICCPR), which prohibits cruel, inhuman, or degrading treatment or punishment under Article 7.

2. **Comparison with Mexican Law**

    o Mexican constitutional law, particularly Article 22, prohibits "penas inusitadas" or unusual punishments, reflecting broader human rights standards that emphasize rehabilitation over retribution.

3. **International Human Rights Jurisprudence**

    o The European Court of Human Rights in *Vinter and Others v. United Kingdom*, [2013] ECHR 645, ruled that life sentences without the possibility of parole violate human rights standards.

## II. Breach of the U.S.-Mexico Extradition Treaty

1. **Discrepancies in Sentencing**

    o The U.S.-Mexico Extradition Treaty implicitly requires that penalties for similar crimes be proportionate between jurisdictions. The potential life sentence for Plaintiffs is inconsistent with Mexican sentencing norms, where similar offenses result in much lesser penalties.

2. **Explicit Violation of Treaty Stipulations**

    o Article 2 of the treaty specifies that extraditable offenses must be punishable by both parties under a framework that respects each country's legal standards. The imposition of a life sentence by the U.S., when such a sentence would be prohibited in Mexico, constitutes a breach of this requirement.

3. **Impact on Diplomatic Trust and Cooperation**

    o Violating the extradition treaty disrupts the established trust and cooperation framework between the U.S. and Mexico, impacting future bilateral negotiations and collaborative efforts in law enforcement and judicial matters.

4. **Human Rights Concerns**

    o The imposition of disproportionately severe penalties raises significant human rights issues, contravening international human rights standards, including those outlined in the ICCPR.

**Claims for Relief**

**Count I: Declaratory Relief**

1. **Declaration of Rights under Domestic and International Law**

    o Plaintiffs seeks a judicial declaration that the potential mandatory life imprisonment for drug-related offenses violates his rights under the Eighth Amendment and international treaties, specifically the ICCPR.

**Count II: Injunctive Prospective Relief**

1. **Preliminary and Permanent Injunction**

    o Plaintiffs requests the Court to issue a preliminary and permanent injunction prohibiting The United States from enforcing mandatory life imprisonment sentences if extradited for their drug-related offenses.

    o Recent case law: In *United States v. Bryant*, 136 S. Ct. 1954 (2016), the Supreme Court emphasized the necessity of ensuring that the imposition of sentences adheres to constitutional and human rights norms.

2. **Compliance with International Standards**

    o Plaintiff requests an injunction requiring the United states and defendants to adjust sentencing practices to align with international human rights principles and Mexican constitutional law.

**Prayer for Relief**

Plaintiffs respectfully requests that this Court:

1. Declare that Plaintiff is in custody under U.S. jurisdiction and are entitled to challenge their criminal cases from Mexico, also that the potential mandatory life imprisonment for drug-related offenses violates the international treaties, including the ICCPR.

2. Issue a preliminary and permanent injunction prohibiting the United States and defendants from enforcing mandatory life imprisonment sentences for drug-related offenses in case extradition.

3. Order the United States and defendants to adjust sentencing practices to comply with international human rights standards and Mexican supreme court and constitutional law.

4. Grant any other relief that the Court deems just and proper.

## CONCLUSION

Jose Carlos Guzman Bernal faces potential mandatory life imprisonment for drug-related offenses issued by the United States and the District of Alaska, a penalty that raises substantial concerns under both Mexican Supreme Court, Mexican Constitution and international law. Given the significant disparity between U.S. and Mexican sentencing norms and the principles enshrined in both domestic and international human rights law, this Court should recognize the incompatibility of imposing a U.S. life sentence on Plaintiff. Upholding a life sentence under these circumstances would be disproportionate and unjust, contravening the spirit of the U.S.-Mexico Extradition Treaty and violating established human rights standards.

Classifying the plaintiff as a fugitive unjustly deprives him of the ability to challenge the extradition process in both the United States and Mexican courts. This classification could result in his potential extradition for an offense that may have been fabricated or pursued in violation of his constitutional rights and the due process protections guaranteed under bilateral extradition treaties and other international agreements between the United States and Mexico.

It is imperative that Mr. Guzman be granted the right to contest the extradition proceedings from Mexico, prior to any extradition. This court should extend its jurisdiction to recognize the Mexican judiciary's authority to evaluate whether there is substantial and sufficient evidence to support the extradition request. Furthermore, the court must assess whether the request was made in compliance with the plaintiff's constitutional rights, as well as in strict adherence to the due process requirements set forth in international bilateral treaties and applicable local laws in both Mexico and the United States.

Therefore, proper relief must be granted to prevent a miscarriage of justice and to maintain the integrity of international legal obligations. Declaratory, Injunctive or prospective Relief is necessary to uphold both nations' commitments to fair and humane treatment of individuals within

their judicial systems and to ensure that extradition practices do not contravene established human rights standards.

Date 9/3/2024

Respectfully Submitted

*Jose Carlos Guzman Bengel*

## CERTIFICATE OF SERTVICE

I hereby certify that on this September 3, 2024, Plaintiff, Jose Carlos Bernal Guzman, served a true and correct copy of the civil brief filed under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(3) against the United States and the Department of Justice, which was filed in the case of to the following parties:

1. **United States Attorney's Office**
   District of Alaska
   222 West 7th Avenue, Suite 9
   Anchorage, AK 99513-7567

2. **U.S. Department of Justice**
   950 Pennsylvania Avenue NW
   Washington, D.C. 20530-0001

**Method of Service:**

First-Class Mail.

**Signature:**

Jose Carlos Guzman Bernal          *Jose Carlos Guzman Bernal*

17 | Page

Case 3:24-cv-00200-SLG   Document 1   Filed 09/09/24   Page 17 of 18

Jose Carlos Bernal Guzman
P.O. Box 960802
El Paso Tx. 79996

CERTIFIED MAIL
7021 1970 0000 5309 2075

Retail

U.S. POSTAGE PAID
FCM LG ENV
EL PASO, TX 79936
SEP 04, 2024
$7.16

RDC 99

United States District Court
District of Alaska
Anchorage Division
222 W. 7th Avenue, Room 229, Box/Ste
Anchorage, AK 99513