# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

JOSE CARLOS GUZMAN BERNAL,

    Plaintiff,

v.

UNITED STATES OF AMERICA, DEPARTMENT OF JUSTICE,

    Defendant.

Case No. 3:24-cv-00200-SLG

## ORDER OF DISMISSAL

On September 9, 2024, self-represented prisoner Jose Carlos Guzman Bernal ("Plaintiff") filed an "Emergency Civil Brief" and an application to proceed without prepaying the filing fee.[1] Plaintiff names the United States of America Department of Justice as the Defendant and appears to be challenging his criminal prosecution and opposing the United States' petition for his extradition in *U.S. v. Guzman-Bernal,* Case No. 3:14-cr-00093-SLG-MMS.[2] Plaintiff appears to be responding to the United States' filing in that criminal case that asserted that Mr. Guzman Bernal remains a fugitive after his arrest in Mexico because he has taken

---

[1] Dockets 1–2.

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

active steps to avoid his extradition to the United States.[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Court's order at Docket 74 in Plaintiff's ongoing criminal case.[4] For relief in this case, Plaintiff seeks an injunction requiring the United States "to adjust sentencing practices to align with international human rights principles and Mexican constitutional law."[5]

Subsequent to Plaintiff's filing of this emergency civil action, the Court in the pending criminal case issued an order that denied Mr. Guzman Bernal's motion to dismiss the indictment and motion to vacate the petition to extradite that he had filed in that case, after determining that the fugitive entitlement doctrine should be applied to defer ruling on his motions for relief until he submits to the Court's jurisdiction, because Mr. Guzman Bernal is actively resisting extradition although he has learned of the charges pending against him.[6]

The fugitive disentitlement doctrine extends to preclude Mr. Guzman from presenting his challenges to the United States' criminal justice system in a separate civil action, as the doctrine "disentitles him from calling upon the

---

[3] *See* Docket 72, Case No. 3:14-cr-00093-SLG-MMS.

[4] *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001), *abrogated on other grounds as stated in Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). *See also Holder v. Holder,* 305 F.3d 854, 866 (9th Cir.2002) (taking judicial notice of state judicial opinion).

[55] Docket 1 at 14.

[6] Docket 74, Case No. 3:14-cr-00093-SLG-MMS.

Case No. 3:24-cv-00200-SLG, *Guzman Bernal v. United States of America, et al.*
Order of Dismissal
Page 2 of 3
Case 3:24-cv-00200-SLG   Document 3   Filed 12/26/24   Page 2 of 3

resources of the court to resolve his claims."[7] Rather, as the Court explained in its previous order in the criminal case, "[t]he fugitive disentitlement doctrine provides that an individual 'who seeks to invoke the processes of the law while flouting them has no entitlement to call upon the resources of the Court for determination of his claims.'"[8]

For this reason, Plaintiff's civil action must be DISMISSED.

IT IS THEREFORE ORDERED:

1. This case is **DISMISSED.**

2. All pending motions are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 26th day of December 2024, at Anchorage, Alaska.

/s/ Sharon L. Gleason
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[7] *Parretti v. United States*, 143 F.3d 508, 511 (9th Cir. 1998) (citing *Molinaro v. New Jersey*, 396 U.S. 365, 366 (1970) (per curiam)).

[8] *USA v. Guzman-Bernal,* Case No. 3:14-cr-00093-SLG-MMS, Docket 74 at 6 (quoting *Cordon v. Tilton*, 515 F. Supp. 2d 1114, 1119 (S.D. Cal. 2007) (quoting *Conforte v. Comm'r*, 692 F.2d 587, 589 (9th Cir. 1982)).